James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Jesse JUSTICE, Commonwealth Drilling and Workmen's Compensation Board, Appellees.

COMMONWEALTH DRILLING COMPANY, Appellant,

v.

James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Jesse Justice, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Dec. 9, 1977.

Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, John S. Riehl, Jr., Dept. of Labor, Louisville, for James R. Yocom, etc.

William J. Baird, III, Pikeville, for Commonwealth Drilling Co.

Kelsey E. Friend, Pikeville, for Jesse Justice.

OPINION AND ORDER GRANTING APPELLANT'S MOTIONS TO STRIKE THE COUNTERSTATEMENTS OF APPELLEE, JESSE JUSTICE, AND GRANTING SAID APPELLEE TIME TO FILE COUNTERSTATEMENTS IN CONFORMITY WITH THE RULES

Before the Court Sitting en banc.

VANCE, Judge.

■ The appellee, Jesse Justice, filed counterstatements in the two above-styled appeals onto which there was attached as an appendix the opinion, findings of fact, conclusions of law, and judgment of the trial court. The attachment of a written opinion of the trial court is often helpful to this Court and is certainly not criticized in any way.[1] However, in reaching its conclusion in the trial court, the judge relied upon an unpublished decision of the Supreme

---

1. It should be noted that pursuant to CR 76.-12(4)(d)(vi), effective January 1, 1978, the appellant's brief *must* include an appendix containing these documents.

Court in the case of *Wagoner, etc. v. Lonnie Jarrell, et al.*, decided July 2, 1976, by a memorandum opinion. In addition, the appellee attached to its counterstatements as an appendix, a copy of the memorandum opinion per curiam issued by the Supreme Court in *Wagoner v. Jarrell, supra,* and also a copy of the findings of fact, conclusions of law and judgment of the Floyd Circuit Court in Action No. 10850 styled *Lonnie Jarrell v. Isle Coals, Inc., etc.* RAP 1.310(d) provides that unpublished opinions shall not be cited or otherwise used in any other case in any court. In spite of this rule, we have seen numerous instances in which memorandum and other unpublished opinions have been cited. Upon proper motion it has been our policy to strike the offending counterstatements and grant additional time to file a counterstatement in conformity with the rules.

The Special Fund has moved that the counterstatements be stricken and that appellee be penalized for the violation of the rule and denied leave to file a counterstatement in conformity with the rule.

Upon consideration, we have determined to follow our previous policy and grant leave to appellee, Jesse Justice, to refile a counterstatement in conformity with the rule.

■ The purpose of this opinion is to serve notice upon the Bar generally that in future cases in which unpublished opinions are cited we will entertain motions to strike the offending counterstatement, and if the circumstances warrant, deny leave to refile.

The appellant's motions to strike the counterstatements of appellee, Jesse Justice, are granted. The appellee, Jesse Justice, is granted to and including December 22, 1977 to refile counterstatements in which the citations of unpublished opinions have been deleted.